IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

FILED

JUL 1 4 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

JAMES RAMONE TUCKER,

      Petitioner,

    v.                      **CRIMINAL ACTION NO. 2:11cr079**

UNITED STATES OF AMERICA,

      Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court are a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C.

§ 2255 ("§ 2255 Motion") and a Motion for Leave to Amend pursuant to Federal Rule of Civil

Procedure 15 ("Motion to Amend"), each filed by Petitioner, James Ramone Tucker

("Petitioner"), proceeding *pro se*. This matter has been fully briefed and is ripe for judicial

determination. For the reasons stated herein, Petitioner's Motion to Amend is **GRANTED** and

the § 2255 Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On May 18, 2011, Petitioner was indicted and charged with Conspiracy to Distribute and

Possess with to Intent to Distribute one hundred (100) grams or more of a mixture and substance

containing a detectable amount of heroin, a Schedule I narcotic controlled substance, in violation

of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(l)(B)(i). ECF No. 1. On July 18, 2011, Petitioner

entered a guilty plea, pursuant to a plea agreement. ECF No. 13.[1] On November 8, 2011,

Petitioner was sentenced to one hundred twenty-five (125) months imprisonment. ECF No. 22.

---

[1]     According to the signed Statement of Facts, beginning on October 21, 2008 and
continuing through the summer of 2009, Petitioner sold various quantities of heroin to
confidential sources for the Norfolk and Virginia Beach Police Departments and the Bureau of
Alcohol, Tobacco, & Firearms. ECF No. 14. The quantities of heroin ranged from as little as
seven (7) grams to as much as eighty-five (85) grams on a given occasion. *Id.*

On June 13, 2013, Petitioner filed under seal a Motion to Compel the United States to file a Rule 35 motion (or a § 5K1.1 motion), ECF No. 26, because Petitioner believed he was entitled to a sentence reduction in exchange for providing substantial assistance to the Government, pursuant to the plea agreement.  On June 19, 2013, this Court denied the Motion to Compel based on the express terms of the plea agreement, which gave the United States complete discretion over whether to file a sentence reduction motion.  ECF No. 27.  On July 5, 2013, Petitioner filed a Notice of Appeal of this Court's decision on the Motion to Compel.  ECF No. 28.  On September 27, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this Court's denial of the Motion to Compel and denied the appeal in an unpublished per curiam opinion.  ECF No. 33.

On November 12, 2013, Petitioner filed the § 2255 Motion, ECF No. 38, along with a Memorandum in Support ("Pet'r's Mem. Supp."), which duplicated the arguments from the Motion to Compel regarding Petitioner's entitlement to a sentence reduction motion based on his substantial assistance to the Government.  ECF No. 39.  On January 3, 2014, the Government filed its Response to Petitioner's § 2255 Motion ("Gov't Resp. to Mot. to Vacate").  ECF No. 43. On February 24, 2014, Petitioner filed the Motion to Amend, ECF No. 47, seeking to add an additional claim of ineffective assistance of counsel, along with a Traverse to United States' Response to § 2255 Motion ("Pet'r's Reply I").  ECF No. 46.  On March 7, 2014, the Government filed its Response to Petitioner's Motion to Amend.  ECF No. 48.  On May 7, 2014, Petitioner filed a Traverse to United States' Response to Petitioner's Motion to Amend ("Pet'r's Reply II").  ECF No. 51.

## II. LEGAL STANDARD

### A. 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (2012). Petitioner bears the burden of proving the grounds for his collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). When deciding a § 2255 motion, the Court is not required to grant a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Motions under § 2255 "may not do service for an appeal" and have a far more limited scope. *United States v. Frady*, 456 U.S. 152, 165 (1982). Only constitutional, jurisdictional, or fundamental defects fall within the ambit of a valid § 2255 collateral attack. *See* 28 U.S.C. § 2255; *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979) ("An error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice."). Non-constitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. *Stone v. Powell*, 428 U.S. 465, 478 n. 10 (1976), *see also Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (noting that if an appellate court has already considered the issues they may not be reintroduced "under the guise of a collateral attack"). Similarly, "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review

unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504

(2003).  Ineffective assistance of counsel claims, however, are constitutional and should

generally be raised in a collateral motion instead of on direct appeal.  *United States v.*

*Richardson*, 195 F.3d 192, 196 (4th Cir. 1999).

### B.  Pro Se Defendants

A *pro se* defendant is entitled to have his petition and asserted issues construed liberally.

*Pro se* defendants are held to a less stringent standard than attorneys drafting such complaints.

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  However, *pro se* defendants must

include in a § 2255 motion each ground supporting the claim for relief and "factual allegations

must be stated with sufficient specificity to allow a reader to determine from the face of the

motion whether further review is warranted."  *Watson v. United States*, No. 1:07CR396, 2011

WL 6697900, at *2 (E.D. Va. Dec. 20, 2011); *see also Oliver v. United States*, 961 F.2d 1339,

1343 n. 5 (7th Cir. 1992) ("No hearing is required in a section 2255 proceeding  . . . if the

allegations in the motion are unreasonably vague, conclusory, or incredible . . . .").  Accordingly,

the allegations and facts haven been interpreted as reasonably as possible.

### C.  Ineffective Assistance of Counsel

In evaluating an ineffective assistance of counsel claim, the Court relies on the standard

set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  In *Strickland,* the United States

Supreme Court held that a finding of ineffective assistance of counsel requires a two-pronged

showing, and a habeas petitioner bears the burden of persuasion for both prongs.  *Id.* at 687.

Petitioner must show that: (1) counsel's representation was deficient, and (2) Petitioner was

prejudiced by the performance.  *Id.* at 693.  To prevail, both prongs must be satisfied and if

Petitioner makes an insufficient showing on one prong, the Court need not address the other.  *Id.*

at 697.

To satisfy prong one, Petitioner must show that counsel's performance was deficient. *Id.* at 687. "Deficient performance" is not merely below average; rather, counsel's actions must fall below objective standards of reasonableness. *Id.* at 687–88. In assessing an attorney's performance, judicial scrutiny must be "highly deferential" to tactical decisions, and the Court must filter from its analysis the distorting effects of hindsight. *Id.* at 689. The first prong of *Strickland* necessitates a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

To show prejudice, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Petitioner may also demonstrate *per se* prejudice in three contexts: (1) where counsel is not present at a key stage of the proceedings; (2) where counsel fails to subject the prosecution's case to meaningful adversarial test; or (3) where the circumstances are such that the chance of any competent counsel providing effective assistance is so small as to warrant a presumption of prejudice. *Lenz v. Washington*, 444 F.3d 295, 303–04 (4th Cir. 2006) (internal citations omitted).

### III. DISCUSSION

#### A. Breach of Plea Agreement

Petitioner claims that the Government breached the plea agreement by failing to move the Court for a sentence reduction pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 or Federal Rule of Criminal Procedure 35(b). Pet'r's Mot. to Vacate at 5, 11, ECF No. 38. Petitioner alleges that he entered into an agreement to provide substantial assistance in ongoing

5

Government investigations "in exchange for governmental motions for sentence reductions under § 5K1.1 for pre-sentencing cooperation and Rule 35(b) for post-sentencing cooperation." Pet'r's Mem. Supp. 1. The Government has not contested this allegation. Petitioner states that he provided substantial assistance by conducting controlled drug transactions, wearing a "wire," and attending various debriefings, but the Government failed to file any sentence reduction motion on his behalf. *Id.* at 2–3. Accordingly, he contends that he did not receive the benefit of his bargain because he fulfilled his obligations, but he never received the promised sentence reduction that induced him to cooperate with the Government.

U.S.S.G. § 5K1.1 allows prosecutors to move for a sentence below the applicable guideline range as a reward for a defendant's substantial assistance to law enforcement agents rendered before the initial sentencing, and the government's assessment of the value of the assistance is given great deference. U.S. Sentencing Guidelines Manual § 5K1.1 cmt. n. 3 (2013). By contrast, Rule 35(b) permits prosecutors to move for a sentence reduction based on substantial assistance provided after sentencing. Fed. R. Crim. P. 35(b) (2012). Often, conditional agreements to this effect are included in a plea agreement, specifying that if the government finds that the defendant's assistance is sufficient, the government will seek a downward departure or sentence reduction. However, "absent a motion by the government, district courts cannot consider whether a defendant is entitled to a downward departure … based on substantial assistance." *United States v. Maddox*, 48 F.3d 791, 795 (4th Cir. 1995).

Plea agreements are governed by contract interpretation principles and each party should receive the benefit of its bargain. *United States v. Chase*, 466 F.3d 310, 314 (4th Cir. 2006).[2]

---

[2]      To this end, courts "apply the plain meaning of the agreement's terms." *United States v. Yooho Weon*, 722 F.3d 583, 588 (4th Cir. 2013). "[C]onstitutional and supervisory concerns require holding the Government to a greater degree of responsibility than the defendant . . . for

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Yet, in the context of plea agreements and sentence reductions, "[a] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Wade v. United States*, 504 U.S. 181, 186–87 (1992). Rather, a defendant must provide evidence that the government refused to seek a sentence reduction for an improper reason, and the defendant must initially make a "substantial threshold showing" that the prosecutor had an improper motive or exercised bad faith in refusing to seek the reduction before the district court can review the prosecutor's actions. *Id*. at 185–86. If the threshold showing is made, then the district court may review the government's actions to determine if the actions were based on (1) an unconstitutional motive, (2) lack of a rational relationship to a legitimate government end, or (3) the government acted in bad faith. *Id*. at 185–86; *see also United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001).

### 1. Bad Faith

Petitioner asserts that the Government acted in bad faith when it did not file any downward departure or sentence reduction motions because the Government led him to believe that Assistant United States Attorney Sherrie Capotosto ("AUSA Capotosto") had sole authority over the decision whether to file the motions. Pet'r's Mem. Supp. 4, 6. Most notably, Petitioner insists that he had no way of knowing that the Substantial Assistance Committee ("SAC") would be deciding whether his assistance warranted a sentence reduction, and he alleges that the Government's failure to explicitly inform him of the SAC's existence and exclusive authority

---

imprecisions or ambiguities in plea agreements." *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986). Thus, any ambiguities are strictly construed against the Government. *Id*.

over motions to reduce sentences amounts to bad faith. *Id*. at 4. Petitioner also argues that this exercise of bad faith requires the Court to review the Government's motives for not filing a sentence reduction motion.

This argument fails because none of the facts that Petitioner has provided satisfy the threshold showing required to prove bad faith. *Wade v. United States*, while not a § 2255 case, is nevertheless instructive here. *Wade*, 504 U.S. at 183–84. In *Wade*, a criminal defendant was convicted and sentenced to a 10-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B) and U.S.S.G. §§ 2K2.4 and 5G1.1. *Wade*, 504 U.S. at 183. The defendant argued for a sentence below the minimum as a reward for his substantial assistance to the government, but the district court ruled that absent a government motion, pursuant to either 18 U.S.C. § 3553(e) or U.S.S.G. § 5K1.1, the court lacked authority to impose a sentence below the minimum *sua sponte*. *Id*. The United States Court of Appeals for the Fourth Circuit affirmed, adding that the district court could not so much as inquire into the prosecutor's motives for not filing a motion to reduce the sentence because such an inquiry would "unduly intrude upon [the] prosecutor's discretion." *Id*. at 184. The United States Supreme Court also affirmed, adding the clarification that a prosecutor's motives in refusing to file a sentence reduction motion may be inquired of by the district court only if the defendant first makes a "substantial threshold showing" of improper motive. *Id*. at 185–86. This threshold showing prerequisite applies equally to inquiries into a prosecutor's alleged bad faith actions. *Id*. While the defendant alleged that the government was acting in bad faith, his only evidence was the mere argument that he provided substantial assistance and received no sentence reduction. The Supreme Court was not persuaded, stating that "although a showing of [substantial] assistance is a necessary condition for relief, it is not a sufficient one." *Id*. at 187.

Similarly, here Petitioner makes much of the fact that he cooperated with the Government and was unaware of the SAC's role in the proceedings, believing instead that because he was interacting with AUSA Capotosto, she alone would be deciding whether to file a motion for a downward departure at the sentencing. Pet'r's Mem. Supp. 4. However, the terms of the plea agreement clearly stated that the Government in "its sole discretion" had final authority to decide whether to file a motion for a downward departure. Plea Agreement at 6, ¶ 13, ECF No. 13. There was no language implying that only AUSA Capotosto would make the decision. In fact, substantial assistance committees have existed and exercised authority over sentence reduction motions in the United States Attorney's Office for the Eastern District of Virginia for at least two decades. *See United States v. Spruell*, 946 F.2d 888 (4th Cir. 1991) (unpublished table decision) (Earliest mention of a "Substantial Assistance Committee" in the Eastern District of Virginia in the context of a defendant seeking a downward departure motion); *see also United States v. Wallace*, 22 F.3d 84, 86 (4th Cir. 1994) (Authority of Substantial Assistance Committee over sentence reductions acknowledged by defendant), *McLean v. United States*, No. 1:08cr175 (JCC), 2013 WL 1450559, at *2 (E.D. Va. Apr. 9, 2013) (Substantial Assistance Committee exercised authority over decision to file Rule 35(b) motion), *United States v. Saunders*, 226 F. Supp. 2d 796, 799 (E.D. Va. 2002) ("Downward Departure Committee" decided against seeking a sentence reduction).

Moreover, the language of the plea agreement does not specify any particular agent or agents of the Government who would be involved in rendering a final decision on filing a downward departure motion. *See* Plea Agreement at 4–8, ¶¶ 9–17 (repeatedly referring to the Government and its agents as "the United States"); *see also United States v. Harvey*, 791 F.2d 294, 302–03 (4th Cir. 1986) (citing *United States v. Carter*, 454 F.2d 426, 428 (4th Cir. 1972))

("though the Government negotiates its plea agreements through the agency of specific United States Attorneys . . . the agreements reached are those of the Government.").  Further, at any time defendant could have inquired as to whether any other people were involved in the process, yet he at no time made any such inquiry.  His failure to inquire into a long standing and accepted practice cannot translate into bad faith on the part of the Government and these bare assertions alone do not satisfy either the substantial threshold showing required for a claim of bad faith or the particularity required for a § 2255 motion.  *See, e.g.*, *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987) (when seeking § 2255 relief, "[a]iry generalities, conclusory assertions, and hearsay statements" are insufficient).

Because Petitioner has failed to satisfy the substantial threshold showing required when making an allegation of bad faith actions by the Government, the § 2255 Motion is **DENIED**.

### 2.  Benefit of the Bargain

Although Petitioner insists that he did not receive the benefit of his bargain, he fails to set forth certain key provisions of the plea agreement, specifically the portions reserving to the Government complete discretion over the decision to file any downward departure motion and requiring Petitioner's full truthful cooperation.  In the "Motion for Downward Departure" section of the plea agreement, the Government and Petitioner agreed that,

> [T]he *United States reserves the right* to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if *in its sole discretion*, it determines that such a departure or reduction is appropriate.

Plea Agreement at 6, ¶ 13 (emphasis added).  This is not language creating an enforceable promise of a downward departure; instead it intentionally "reserve[s] discretion rather than promising anything." *Wallace*, 22 F.3d at 87.  Petitioner had the opportunity to read the entire

agreement and have all misunderstandings resolved by his attorney.   He provided his signature on page nine, indicating that he consulted with his attorney and intelligently and voluntarily consented to the agreement.[3]  Plea Agreement at 9, ¶ 19.  Petitioner cannot now claim that he was confused about the terms or ignore their logical import.

Petitioner attempts to analogize this case to an Eighth Circuit case, *United States v. Rounsavall*, 128 F.3d 665, 667 (1997), where the court remanded for an evidentiary hearing because the United States Attorney's Office breached a plea agreement. *See* Pet'r's Mem. Supp. 6–7.  However, *Rounsavall* is distinguishable in significant respects.  Most notably, the defendant in *Rounsavall* submitted a sworn affidavit stating that the prosecutor specifically promised her "that she could expect to receive seven to ten years for substantially assisting the government," *id*. at 668–69, which induced her to cooperate with the government.  At no time during trial or appellate review did the prosecutor ever deny making the representations, but instead argued that those details were "outside the record."  *Id*.  Additionally, the defendant's assistance included testifying against her own brother in two separate criminal proceedings, *id*. at 666, and also aiding the government in recovering property worth several thousands of dollars. *Id*. at 666 n. 1.  At sentencing, despite the prosecutor's representations to the contrary, the government filed only a § 5K1.1 motion, not a § 3553(e) motion, and the defendant received the statutory minimum twenty year sentence. *Id.* at 667.  Had the government filed the § 3553(e) motion, the district court would have been authorized to sentence the defendant below the statutory minimum.[4] *Id.*

---

[3]     A guilty plea is valid if made intelligently and voluntarily. *Brady v. United States*, 397 U.S. 742, 748 (1970).  The representations made by a defendant, his attorney and the prosecutor at a plea hearing create a "formidable barrier" to overcome in collateral proceedings and "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

[4]     The statute provides that "[u]pon motion of the Government, the court shall have the

The prosecutor's representations to the defendant, and the fact that a sworn affidavit affirming their truth was submitted to the court, were crucial in the *Rounsavall* holding. But for these promises of a seven or ten year sentence, the defendant likely would not have substantially assisted the government or even accepted the plea agreement. The government could have moved the court for a sentence below the statutory minimum by filing a § 3553(e) motion, and the district court even noted that it "strongly disagree[d] with the [government's] decision not to file the motion." *Id.* (alteration in original) (internal quotation marks omitted). The United States Court of Appeals for the Eighth Circuit expressly stated that "[the prosecutor's] representations to Rounsavall may have superseded the broad discretion prosecutors generally enjoy in determining whether to file a substantial assistance motion under § 3553(e)." *Id.* at 668.

Also key to the Eighth Circuit's holding was the government's motivation for seeking the defendant's assistance. *Id.* at 669. The government's real target was the defendant's brother, but this fact was never divulged to the defendant, and in the end her brother refused to cooperate with the government.[5] *Id.* Consequently, it appeared that the defendant was denied a § 3553(e) motion in retaliation for her assistance not being as fruitful as expected, which the Eighth Circuit found to be possibly irrational or "in bad faith." *Id.*

In the instant case, the Government made no promises to Petitioner concerning a specific sentence length he could expect to receive. Petitioner has not provided any evidence of specific promises or similar language from Government agents that induced him to plead guilty. Thus,

---

authority to impose *a sentence below a level established by statute as minimum sentence* so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person . . . ." 18 U.S.C. § 3553(e) (2012) (emphasis added). There is no equivalent language found in U.S.S.G. § 5K1.1 empowering a court to depart from a statutorily mandated minimum sentence.

[5]    It is possible that in the instant case the Government's motivation for seeking Petitioner's assistance was to acquire another targeted individual and obtain that person's assistance, but Petitioner has not supplied any facts supporting such an inference.

he can hardly demonstrate any detrimental reliance on false promises that would analogize this case to *Rounsavall*. The lynch pin of Petitioner's claim is that the Government failed to file either a § 5K1.1 motion or a Rule 35(b) motion, but the plea agreement repeatedly indicates that the choice to file either motion was reserved to the Government's discretion. *See* Plea Agreement at 4–8, ¶¶ 9–13, 17. Furthermore, Petitioner's defense counsel was aware that the Rule 35(b) motion could not be filed by the date of sentencing, *see* Pet'r's Reply II at 3, presumably because the SAC's review and approval were required.[6] By contrast, the *Rounsavall* prosecutor had both the opportunity and the authority to file a § 3553(e) motion at sentencing and failed to do so for reasons that at least raised the specter of bad faith in the view of the Eighth Circuit. Also, there was no mention of any substantial assistance committee rendering the decisions on downward departure motions in *Rounsavall*.

Petitioner comments that the Government made efforts to "wring every last drop of viable information" out of him only to renege on the promise concerning a downward departure motion because the information was unsatisfactory. Pet'r's Mot. to Amend at 9. This argument lacks merit because Petitioner affirmed in the plea agreement that his cooperation and guilty plea were not in any way contingent upon receiving this motion or any other promises from any other party. Plea Agreement at 9, ¶ 18. Without supporting facts and information, this is merely a conclusory allegation.

The plea agreement not only reserved to the Government sole discretion over the decision

---

[6] This conclusion is premised on information contained in the attachments to Petitioner's § 2255 Motion and the Government's response. According to the Government, AUSA Capotosto officially met with the SAC to discuss a possible motion of Petitioner on August 28, 2012, nearly ten months after sentencing. Gov't Resp. to Mot. to Vacate at 3. The SAC rendered its decision on November 11, 2012. *Id.* Petitioner was apprised of this when he received a copy of the letter AUSA Capotosto sent to defense counsel noting the SAC's decision not to seek a sentence reduction. Pet'r's Mot. to Vacate, Ex. 1-B.

to file the motion but also mandated Petitioner's complete truthfulness. *Id.* at 6, ¶¶ 12–13.

However, the Government represents that Petitioner breached the plea agreement by continuing

to sell heroin while he was supposed to be cooperating, in violation of Paragraph 9, and by

failing to provide full, complete and truthful information to Drug Enforcement Administration

("DEA") agents, in violation of Paragraph 12, effectively forfeiting any claim to a downward

departure motion. Gov't Resp. to Mot. to Vacate at 3. Paragraph 9 of the plea agreement

pertinently states,

> The defendant is hereby on notice that the defendant may not
> violate any federal, state, or local criminal law while cooperating
> with the government, and that the government will, in its
> discretion, consider any such violation in evaluating whether to file
> a motion for a downward departure or reduction of sentence.

Plea Agreement at 4, ¶ 9(f). Also, the final sentence of Paragraph 12 states that the agreement

"is conditioned upon [Petitioner] providing full, complete and truthful cooperation." Beyond

this, the agreement also provided that if Petitioner "*commits or attempts to commit* any additional

federal, state, or local crimes *or intentionally gives materially false, incomplete, or misleading

testimony or information* . . . the United States will be released from . . . any obligation to seek a

downward departure or a reduction in sentence." Plea Agreement at 8, ¶ 17 (emphasis added).

Clearly, the agreement was unambiguous as to the potential consequences for Petitioner if he

failed to fully cooperate and abide by the law. The agreement was equally unambiguous as to

the discretionary nature of the decision to seek a downward departure. Petitioner acknowledges

that he continued to violate the law, but seeks to mitigate the impact of this fact by noting that his

violation was "substance abuse" as opposed to drug dealing. Pet'r's Reply I at 8. Even

accepting Petitioner's argument that he only possessed and used illegal substances rather than

sell heroin, it remains true that DEA agents were dissatisfied with his cooperation, and the SAC

cited his "lack of candor" with the DEA as a factor, but not the sole factor, in its decision to not

seek a downward departure. Pet'r's Mot. to Vacate, Ex. 1-B.  This was well within their

discretion and overcomes Petitioner's argument that because he perceived his assistance as

substantial the lack of any downward departure motion was a material breach. *See United States*

*v. Gerant*, 995 F.2d 505, 509 (4th Cir. 1993) (holding that to allow a defendant to argue the

weight of his substantial assistance in spite of his lack of candor would improperly "[ignore] the

express condition in the nonprosecution agreement that [defendant] would come forth with

complete truthfulness and candor.").

Petitioner cannot establish that the Government breached the plea agreement because the

facts provided in the § 2255 Motion and supporting memoranda, along with the language of the

plea agreement, suggest that at all relevant times the Government retained sole discretion over

whether to file any sentence reduction motion.  Substantial assistance alone does not entitle a

defendant to a downward departure, and the Government validly exercised its discretion.

Therefore, Petitioner's § 2255 Motion is **DENIED** insofar as Petitioner alleges a breach of the

plea agreement.

## B. Evidentiary Hearing

Petitioner specifically requests an evidentiary hearing on two issues: (1) whether AUSA

Capotosto "acted in bad faith and otherwise breached the plea agreement" by not specifically

explaining the SAC's role in the downward departure process; and (2) whether the Committee's

stated reasons for denying a sentence reduction motion constituted bad faith by the Government

as an entity. Pet'r's Reply I at 9–10. For the reasons previously outlined, Petitioner's request for

an evidentiary hearing is **DENIED**.

Unless it is clear from the pleadings, files and records that a prisoner is not entitled to

relief, an evidentiary hearing is mandatory.  28 U.S.C. § 2255(b).  As stated above, the record in

this case, when paired with the instant motions, does not establish a colorable claim for relief. The Government retained discretion over matters of downward departure or sentence reduction motions. *See, e.g.*, Plea Agreement at 6, ¶ 13. Petitioner was fully aware of this, *see* Pet'r's Mem. Supp. 1–3, and has presented no facts with enough particularity to contradict the terms of the plea agreement or prove bad faith. As to the issue of AUSA Capotosto acting in bad faith, her statements in the letter attached to Petitioner's § 2255 Motion actually reflect AUSA Capotosto's good faith efforts to seek a reduction, despite the SAC's resistance. *See* Pet'r's Mot. to Vacate, Ex. 1-B (noting that the SAC declined AUSA Capotosto's request for a "'reduced' reduction"). In the end, the SAC retained final decision-making authority and exercised it in accordance with the terms of the plea agreement.[7]

As to the allegations of the Government's bad faith, that matter has also been addressed above and is conclusively resolved by the motions, files and records before the Court. The Government validly exercised its discretion over the downward departure, having made no express promise of a reduction of sentence. To warrant a hearing what Petitioner would need, at minimum, are specific details as to what the Government otherwise promised him that contravened the written plea agreement. All Petitioner has alleged is that he provided assistance that he perceived was substantial, that he was mistaken as to who made the decision to file sentence reduction motions, and that AUSA Capotosto sought approval to file a motion on his behalf, but was denied. The Government concedes these allegations but disagrees with Petitioner's characterizations, which is to be expected. No facts have been presented to warrant further inquiry. Accordingly, Petitioner's request for an evidentiary hearing is **DENIED**.

---

[7]     This fact, of course, only supplements the other appropriate and lawful Government actions outlined above in the discussion of the breach of plea agreement claim. *See supra* pp. 6–16.

### C.  Motion for Leave to Amend

Additionally, Petitioner seeks to amend his § 2255 Motion to include a claim of ineffective assistance of counsel.  Federal Rule of Civil Procedure 15 governs amendments to habeas petitions.  *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).  The rule allows individuals to amend their pleadings "once as a matter of course any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a) (2012).  If a responsive pleading has been served, amendment is allowed by "leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  *Id*.  If the statute of limitations bars a cause of action then pleadings may only be amended if the amendments "relate back" to the date of the original pleading.  Fed. R. Civ. P. 15(c)(1)(B) (2012).  The relation back requirement is met if the claims in the original and amended pleadings arise from the same "conduct, transaction, or occurrence."  *Id*.

*Mayle v. Felix*, 545 U.S. 644, 659 (2005), clarified the definition of the phrase "conduct, transaction, or occurrence" found in Rule 15 by narrowing the interpretation of those terms to encompass only those events that share a "common core of operative facts."  Therefore, when parties seek to invoke the relation back doctrine, the newly added claims must "arise from the same core facts as the timely filed claims," and the facts cannot differ in "time and type."  *Id*. at 657.  This clarification avoids swallowing up all statutes of limitations into the relation back exception and also reduces the abuses of Rule 15 resultant from parties adding unrelated claims under the umbrella of a general "conduct, transaction, or occurrence" label.  *Id*. at 661–64.  The "common core of operative facts" element is required in both the civil and habeas contexts.  *Id*.

Petitioner's ineffective assistance claim does relate back to the original § 2255 Motion and therefore the Court will allow amendment and address the ineffective assistance claim on the

merits.  In the original § 2255 Motion, Petitioner alleged that the Government breached the plea agreement by failing to file a motion for a downward departure at sentencing.  Now, Petitioner adds that defense counsel's failure to make an objection or argue for a downward departure during that same hearing constitutes ineffective assistance of counsel.  Pet'r's Mot. to Amend at 4.  Both the original and the new claims arise from the sentencing hearing and the lack of a downward departure motion, a core of operative facts that do not differ in time or type, which satisfies the relation back requirements of Fed. R. Civ. P. 15(c)(1)(B) and *Mayle*.  The difference with the new claim is Petitioner's shifting of focus from the actions of the prosecutor to those of defense counsel, but still it regards the lack of a motion for a downward departure during sentencing.  Therefore, Petitioner's Motion to Amend is **GRANTED**.

### D.  Ineffective Assistance of Counsel

Petitioner's ineffective assistance of counsel claim is without merit because none of the alleged facts regarding defense counsel's actions satisfy the *Strickland* standards for deficient performance or prejudice.   Defense counsel's tactical decisions regarding which sentencing factors to argue and whether to raise an objection to the Government's lack of a downward departure motion are entitled to a high level of deference.  *Strickland,* 466 U.S. at 689.  Assuming, *arguendo*, that other reasonable attorneys would have argued different sentencing factors or specifically objected to the Government's failure to move for a downward departure, the Court still lacked power to grant a downward departure *sua sponte* or force the Government to make the motion.  *See Wade*, 504 U.S. at 185 ("[In] § 5K1.1 the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted.").  The Government had the option to file the motion, but Petitioner has supplied no facts to suggest that the Government's choice to not do so was the result of defense

counsel's decisions. In hindsight it is clear that the Government had no intention of filing any motion for a downward departure at sentencing since the SAC needed time to review the file and render its decision.[8] Thus, defense counsel's tactical decisions at sentencing did not constitute deficient performance, and those decisions were not prejudicial inasmuch as they were not the "but for" cause of the final disposition.

It is sufficient to state that under the controlling law such an objection or argument would have been frivolous because, under the circumstances known to all parties at that time, both the Court and defense counsel lacked any authority to compel the Government to move for a sentence reduction. Thus, the Court need not inquire into defense counsel's specific motivation for declining to object to the Government's failure to move for a downward departure. Indeed, even where an attorney admits to having mixed motivations for certain actions, that fact alone is insufficient to overcome the presumption of effective assistance so long as the advice or strategy was sound. *See, e.g.*, *Strickland*, 466 U.S. at 688–89. Accordingly, defense counsel's performance can neither be categorized as deficient nor as unfairly prejudicial to the sentencing outcome.

With regard to the ineffective assistance of counsel claim, because Petitioner's defense counsel at sentencing rendered performance that neither fell below objective standards of reasonableness nor prejudiced Petitioner, the § 2255 Motion is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Amend is **GRANTED** and Petitioner's Amended § 2255 Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**. Petitioner's Motion to Amend satisfies Fed. R. Civ. P. 15 standards for relation back and thus amendment is

---

[8]      *See supra* note 6.

permitted.  However, Petitioner has not supplied sufficient factual allegations to support either of the grounds asserted for § 2255 relief.  Based on the facts supplied by Petitioner, the Government did not breach the terms of the plea agreement.  As to the ineffective assistance claim, the facts do not show that defense counsel's performance was either deficient or prejudicial.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's habeas petition on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).  Petitioner does not satisfy this standard; accordingly, the Court **DENIES** a certificate of appealability.  Although Petitioner may not appeal the denial of his § 2255 Motion without a certificate of appealability, he may seek one from the United States Court of Appeals for the Fourth Circuit.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to the parties.

**IT IS SO ORDERED**.

Norfolk, Virginia
July *ll* , 2014

Raymond A. Jackson
**United States District Judge**